IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SARAH VEASAW<br>    Plaintiff,<br><br>vs.<br><br>HYTORC OF TEXAS, INC.<br>AND HYTORC, INC.<br>    Defendants. | CIVIL ACTION 4:21-cv-02736<br><br>JURY TRIAL DEMANDED |

**DEFENDANT'S, HYTORC, DIVISION UNEX CORPORATION DBA HYTORC (INCORRECTLY NAMED AS HYTORC, INC.), 12(B)(6) MOTION TO DISMISS**

Pursuant to the Federal Rule of Civil Procedure 12(b)(6), Defendant HYTORC Division UNEX Corporation dba HYTORC, improperly named as Hytorc, Inc. ("Defendant" or "HYTORC") files this Motion to Dismiss and respectfully shows the Court as follows:

**INTRODUCTION**

Plaintiff Sarah Veasaw ("Veasaw") asserts claims against Hytorc of Texas, Inc. and possibly HYTORC for sex, pregnancy, and disability, arising under Title VII of the 1964 and 1991 Civil Rights Act, 42, U.S.C. §2000e-5 et seq and the Americans with Disabilities Act ("ADA"), 42 U.S. C. §12101 et. seq.  These causes of action require that HYTORC have been Veasaw's employer.  None of Veasaw's claims state a claim against HYTORC because the Complaint does not show that HYTORC was Veasaw's employer nor does it assert any factual allegations against HYTORC.  Therefore, all claims against HYTORC must be dismissed under Rule 12 (b)(6).

All of Veasaw's claims stem from her employment with Hytorc of Texas, Inc. and all factual allegations in Veasaw's complaint are against Hytorc of Texas, Inc. HYTORC never

employed Veasaw. Veasaw makes no factual assertions regarding HYTORC. Nonetheless, HYTORC finds itself named as a defendant in this employment action. Veasaw incorrectly pleads that HYTORC is a parent company of Hytorc of Texas, Inc. All of Veasaw's allegations throughout her complaint involve Hytorc of Texas, Inc., not HYTORC. Moreover, Veasaw failed to exhaust administrative remedies against HYTORC.

## PLAINTIFF'S ALLEGATIONS

Based on her Complaint ("Complaint"), Veasaw's allegations in this lawsuit against HYTORC are as follows:

> 4. This is a sex, pregnancy, disability, and retaliation case arising under Title VII of the 1964 and 1991 Civil Rights Act, 42, U.S.C. §2000e-5 et seq. (Title VII") and the Americans with Disabilities Act ("ADA"), 42 U.S.S. §12101 et seq. Veasaw brings these claims against her former employer, Hytorc of Texas, Inc. ("Hytorc").1
>
> FN1 Veasaw also asserts her claims against Hytorc, Inc., the parent company located in New Jersey. Defendants are "joint employers" under both Title VII and the ADA. Both "employers" share employees, policies, procedures, and other day-to-day operations.
>
> 6. Veasaw was employed with Hytorc of Texas, Inc., a subsidiary of Hytorc Inc., located in New Jersey ("Hytorc, Inc."). Hytorc consists of two interrelated entitles – Hytorc of Texas, Inc., a wholly owned subsidiary and licensed distributor and franchise for Hytorc, Inc., the parent company. She was an employee with Hytorc of Texas, Inc. from June 6, 2016, to August 24, 2020.

**COUNT 1 – TITLE VII AND PREGNANCY CLAIMS**

> 59. As explained in detail in the factual section of this Complaint, Hytorc and Hytorc, Inc. discriminated against Veasaw because of her sex, female and her pregnancy….

**LEGAL STANDARD**

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure challenges the legal sufficiency of the complaint.[1] To survive a Rule 12(b)(6) motion to dismiss, the complaint must include "enough facts to state a claim to relief that is plausible on its face."[2] In particular, the complaint must contain enough "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[3] Although the court must accept well- pleaded facts as true, the "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ."[4] Conclusory allegations or a formulaic recitation of the elements of a cause of action will not suffice.[5]

**ARGUMENTS AND AUTHORITIES**

**I.      Veasaw Has Not Stated a Claim Against HYTORC under Title VII or the ADA.**

The Court should dismiss the Title VII and any ADA claims against HYTORC because Veasaw did not allege facts that would entitle her to relief against this defendant under Title VII or ADA.

Claims under Title VII and the ADA[6] require an initial showing that the Plaintiff was an employee of the defendant.[7] Nowhere in her Complaint does Veasaw contend that HYTORC was her direct employer. Rather, she acknowledges that she was hired by and employed for a time with Hytorc

---

[1] Fed. R. Civ. P. 12(b)(6); *Mackin v. Carpenter*, 988 F.2d 1212 (5th Cir. 1993)
[2] *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007).
[3] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[4] *Twombly*, 550 U.S. at 558.
[5] *Id.* at 558; *Jones v. Alcoa, Inc.*, 339 F.3d 359, 362 (5th Cir. 2003).
[6] Veasaw does not specifically make allegations against HYTORC, under its Causes of Action for violations of the ADA. Veasaw merely references allegations against "Hytorc" in paragraph 60 and 61 of her Complaint. "Hytorc" is defined by Veasaw as Hytorc of Texas, Inc. in paragraph 4 of her complaint. This would suggest these allegations are not brought against HYTORC. However, in Paragraph 4, Footnote 1, of Veasaw's Complaint, Veasaw vaguely references that she is asserting claims against Hytorc, Inc. for ADA. Therefore, HYTORC addresses this claim out of an abundance of caution as well.
[7] *Diggs v. Harris Hosp. – Methodist, Inc.*, 847 F.2d 270, 272 (5th Cir. 1988); *EEOC v. Valero Refining-Texas*, L.P., 2013 WL 1168620, at *6 (S.D. Tex. Mar. 13, 2013).

3

of Texas, Inc. Complaint, ¶6 ("Veasaw was employed with Hytorc of Texas, Inc. a subsidiary of HYTORC located in New Jersey.").

The only facts asserted regarding alleged employment with HYTORC is in paragraph 6 wherein Veasaw alleges HYTORC is the parent company of Hytorc of Texas, Inc., which it is not, and a conclusory allegation that Defendants are "joint employers". However, even if the Court were to take the allegation that HYTORC is the parent company as true for purposes of this Motion, this is insufficient to state a claim against HYTORC. A parent company is not automatically liable for acts of a subsidiary. Courts have routinely recognized the important public policy considerations underlying corporate separateness and refused to pierce the corporate veil in the employment discrimination context. There is a strong presumption that a parent company is not the employer of the subsidiary's employees.[8] Thus, "only evidence of control suggesting a significant departure from the ordinary relationship between a parent and its subsidiary – domination similar to that which justifies piercing the corporate veil – is sufficient to rebut this presumption, and to permit an inference that the parent corporate was a final decision-maker in its subsidiary's employment decision."[9]

Veasaw suggests in Footnote 1 that HYTORC is a joint employer. However, Veasaw has failed to allege specific facts to support her allegation of joint employment. The Fifth Circuit considers four factors in determining whether an entity related to an employer may be liable under Title VII as a joint employer, including that the defendant (1) possessed the power to hire and fire the employee, (2) supervised and controlled the employee's work schedule or conditions of employment, (3) determined the rate and method of payment to the employee, and (4) maintained

---

[8] *Lusk v. Foxmeyer HealthCorp.*, 129 F.3d 773, 778 (5th Cir. 1997).
[9] *Id.*

4

employment records for the employee.[10]  There is no factual averment that HYTORC controlled in any way the terms and conditions of Veasaw's employment. To adequately plead joint employer liability against HYTORC, Veasaw must do more than simply assert boilerplate allegations; she must allege facts sufficient to establish that HYTORC acted as her employer.[11] Veasaw does not – and cannot – allege any facts remotely suggesting that HYTORC had supervisory or disciplinary control over her day-to-day duties or that HYTORC played a role in her hiring, firing, salary, benefits, schedule, etc. She had no relationship with HYTORC except for the fact that her actual employer did business with HYTORC. Courts routinely grant motions to dismiss employment-based claims premised on conclusory, unfounded allegations like those proffered by Veasaw.[12]  Plaintiff's Complaint is wholly devoid of any factual allegations that would show that HYTORC was her employer.  Therefore, her claims should be dismissed.

## II.     Veasaw Has Failed to State A Claim Because She Failed to Exhaust Administrative Remedies.

Veasaw's causes of action under Title VII and ADA are subject to dismissal under Rule 12(b)(6). A plaintiff may not pursue Title VII or ADA claims in federal court unless he or she has exhausted all of the available administrative remedies.[13] "Exhaustion occurs when the plaintiff

---

[10] *Bloom v. Bexar County*, 130 F.3d 722, 725 (5th Cir. 1997).
[11] *Fernandez-Montes v. Allied Pilots Ass'n,* 987 F.2d 278, 284 (5th Cir. 1993)(Conclusory allegations, unwarranted deductions of fact, or "legal conclusions masquerading as factual [allegations] will not suffice to prevent [the granting of] a motion to dismiss.)
[12] *See, e.g., Skidmore v. Precision Printing & Packaging, Inc.*, 188 F.3d 606, 616-17 (5th Cir. 1999)(finding that parent company was not liable for alleged employment discrimination claims against subsidiary); *Wilkerson v. USI Gulf Coast, Inc*. No. 01-2748, 2002 U.S. Dist. LEXIS 10401, 2002 WL 1268405, at *3 (E.D. La. Jun. 4, 2002)(refusing to find employer's holding company liable for alleged employment discrimination by employer.); *Aaron v. LeDay*, No. 4:13-CV-01716, 2013 WL 5936623, *1 n.2, 10 (S.D. Tex. Nov. 5, 2013) (dismissing plaintiffs' FLSA claims against two defendants because plaintiffs failed to assert any factual allegations supporting economic realities test and noting general references to "defendants'" actions were not enough); *Escobedo v. Metal Protective Coating Professionals, Inc*., No. 4:13-CV-02405, 2013 WL 6504675, at *2 (S.D. Tex.Dec.11, 2013) (plaintiff failed to plead "factual allegations as to how the events that gave rise to this lawsuit were allocated [among] the [four] defendants . . . [or] how [their] employment was handled generally").
[13] *Taylor v. Books A Million, Inc*., 296 F.3d 376, 378-79 (5th Cir. 2002).

files a timely charge with the EEOC and receives a statutory notice of right to sue."[14] Veasaw fails to plead that she exhausted administrative remedies. In fact, HYTORC has not been served with any complaint by the EEOC nor received a right to sue letter. Thus, Veasaw did not exhaust her administrative remedies. For these reasons, Veasaw is unable to pursue her Title VII or ADA causes of action against HYTORC in this Court at this time. Veasaw's Title VII causes of action against HYTORC must be dismissed due to Veasaw's failure to exhaust his administrative remedies.

### III.     Repleading would be futile.

District courts tend to "afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case[.]"[15] However, granting a party leave to amend is not required where an amendment would be futile, i.e., "an amended complaint would still 'fail to survive a Rule 12(b)(6) motion.'"[16] Notably, "the same standard of legal sufficiency applies under Rule 12(b)(6)" also applies to determine whether a pleading amendment would be frivolous or futile.[17] Here, any amendment would be futile because there are no facts that could support a plausible claim that HYTORC was ever Plaintiff's employer or joint employer. Accordingly, the Court should dismiss with prejudice all of Plaintiff's claims against HYTORC

---

[14] *Id*. at 379.
[15] *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.,* 313 F.3d 305, 329 (5th Cir. 2002).
[16] *Stem v. Gomez*, 813 F.3d 205, 215-16 (5th Cir. 2016).
[17] *Stripling v. Joran Prod. Co., LLC* 234 F.3d 863, 873 (5th Cir. 2000).

## CONCLUSION AND PRAYER

Based on the foregoing, HYTORC respectfully requests that the Court grant its Motion to Dismiss for failure to state a claim and provide it with any and all other relief to which it is entitled.

Respectfully submitted,

Dated: October 6, 2021             By: */s/ Laura Balhoff Englert*
                                                        Laura Balhoff Englert
                                                        State Bar No. 24055135
                                                        10375 Richmond Avenue, Suite 1050A
                                                        Houston, Texas 77042
                                                        Telephone: (713) 243-7059
                                                        Facsimile: (508) 635-0856
                                                        Email: lenglert@hanover.com

                                                        *Attorney in Charge for HYTORC Division*
                                                        *UNEX Corporation dba HYTORC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on October 6th, 2021.

                                                        */s/ Laura Balhoff Englert*
                                                        Laura Balhoff Englert