IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SARAH VEASAW, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:21-cv-02736 |
| | § | |
| HYTORC OF TEXAS, INC., | § | |
| AND HYTORC INC. | § | |
| | § | |
| *Defendants*. | § | |

**DEFENDANT HYTORC OF TEXAS, INC.'S FIRST AMENDED ORIGINAL ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND JURY DEMAND**

Defendant Hytorc of Texas, Inc. ("Hytorc of Texas"/"Defendant") files this First Amended Original Answer and Affirmative Defenses (collectively, "Amended Answer") to Plaintiff's First Amended Complaint and Jury Demand ("Complaint") filed by Plaintiff Sarah Veasaw ("Veasaw"/"Plaintiff") as follows:

**LIMITED GENERAL DENIAL**

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendant denies all averments in the Complaint except those expressly admitted in this Answer.

**ANSWER TO PLAINTIFF'S ALLEGATIONS**

The following specific responses to Plaintiff's allegations correspond numerically to the numbered paragraphs and headings in the Complaint:

SERVICE OF PROCESS

1.  Defendant admits that it has been served in this suit and that it has appeared in this lawsuit. Defendant denies that it is a subsidiary, franchise, distributor, or related company of

Hytorc, Inc and denies any common ownership between itself and Hytorc, Inc. Defendant also denies the remaining factual allegations in this paragraph.

2. Defendant is without sufficient information to admit or deny the factual allegations in this paragraph.

## JURISDICTION AND VENUE

3. Defendant admits the Court has federal question jurisdiction over this action, as Plaintiff's claims arise under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Americans with Disabilities Act of 1990 ("ADA"). Defendant admits that it does business in Houston, Texas, and that venue is appropriate in the United States District Court for the Southern District of Texas, Houston Division. Defendant denies any remaining factual allegations in this paragraph.

## SUMMARY AND THE EMPLOYEE-INDEPENDENT CONTRACTOR DISTINCTION

4. Defendant admits that Plaintiff is bringing the alleged claims but denies the validity of the claims in this paragraph, denies that Hytorc is its parent company, denies that it was a joint employer with Hytorc, Inc., denies any common ownership between itself and Hytorc, Inc., and denies any remaining factual allegations in this paragraph.

5. Defendant admits that it has more than 15 employees and had such at all times relevant to Plaintiff's claims. Defendant denies the remaining factual allegations in this paragraph.

6. Defendant admits that it employed Plaintiff from June 2016 to August 2020, but denies that it was or ever has been a franchise, subsidiary, affiliate or related company of Hytorc, Inc. Defendant also denies the remaining factual allegations in this paragraph.

7. Defendant denies that it has 60-70 employees working in sales. Defendant admits that it sells, rents, and repairs industrial hydraulic and electric torque wrenches, along with

pneumatic wrenches and that Defendant's market is primarily in the oil and gas and department of defense arenas. Defendant is without sufficient information to admit or deny how many employees Hytorc, Inc. has working in sales.

8. Defendant is without sufficient information to admit or deny Hytorc, Inc.'s employment practices, as Hytorc, Inc. is a different entity. Defendant denies that Hytorc, Inc. intermingles substantially with Defendant, that Defendant's essential business operations are subject to rules set by Hytorc, Inc., that it receives funding from Hytorc, Inc. other than commissions on the sale of goods, that Hytorc, Inc. performs repairs on its equipment on a daily basis, or that it could not exist or operate without Hytorc Inc.'s support. Defendant admits that Plaintiff worked as a billing specialist, that it began to use Hytorc, Inc.'s billing system in October 2020, that certain of its employees were trained on this system, and that certain of its employees interact with Hytorc, Inc. in their work for Defendant. Defendant denies the remaining factual allegations in this paragraph.

9. Defendant admits the factual allegations in this paragraph.

A. <u>Hytorc's Negative Comments about Veasaw's Pregnancy and Hytorc's Failure to Accommodate Her Medical Issues</u>

10. Defendant denies the factual allegations in this paragraph.

11. Defendant denies the factual allegations in this paragraph.

12. Defendant is without sufficient information to admit or deny which kind of disability policy Plaintiff and her husband purchased. Defendant denies the remaining factual allegations in this paragraph.

13. Defendant admits that Plaintiff's last day of work before leave was May 21, 2020, but is without sufficient information to admit or deny the date of Plaintiff's child's birth. Defendant denies the remaining factual allegations in this paragraph.

14. Defendant denies the factual allegations in this paragraph.

15. Defendant admits that it had changes to its health insurance effective June 1, 2020 (after open enrollment was had in April 2020 before Plaintiff's leave), but denies that Plaintiff was not notified of the change in her health insurance or given COBRA options. Defendant denies the remaining factual allegations in this paragraph.

B.  <u>The Multiple Factor Test to Determine Whether a Worker is an "Employee" or "Independent Contractor" Compels that Conclusion that Hytorc Employed More than 15 Employees Under Title VII and the ADA</u>

16. Defendant admits that Plaintiff was an employee. Defendant denies that it admitted to misclassifying its employees in its Answer and denies the remaining factual allegations in this paragraph.

17. This paragraph does not contain factual allegations requiring specific admission or denial. Should an answer be nonetheless required, Defendant denies the factual allegations in this paragraph.

18. This paragraph does not contain factual allegations requiring specific admission or denial. Should an answer be nonetheless required, Defendant denies the factual allegations in this paragraph.

19. This paragraph does not contain factual allegations requiring specific admission or denial. Should an answer be nonetheless required, Defendant denies the factual allegations in this paragraph.

20. This paragraph does not contain factual allegations requiring specific admission or denial. Should an answer be nonetheless required, Defendant denies the factual allegations in this paragraph.

C. <u>Hytorc Attempts to Avoid Title VII and ADA Coverage by Misclassifying "Employees" as "Independent Contractors"</u>

21. Defendant admits that most of its workers are employees, not independent contractors. Defendant denies that it misclassifies any employee as an independent contractor. Defendant admits that it sells torque wrenches to its customers. Defendant further admits that it uses a computer system and trains salespersons. Defendant denies that it is a subsidiary of Hytorc, Inc. Defendant admits that it trains its sales staff and that the equipment used by the sales staff belongs to Defendant. Defendant admits that it is headquartered in Houston, Texas, but workers do not work solely in Houston. Defendant denies that Plaintiff worked for more than four years at Hytorc. Defendant is without sufficient information to admit or deny who Plaintiff considers her peers and how long those peers worked for Hytorc. Defendant admits that it has the right to assign projects to salespeople. To the extent that the remaining allegations in Paragraph No. 20 contain determinable facts, Defendant denies the remainder of the allegations in this paragraph.

22. Defendant admits that Plaintiff's charge of discrimination to the EEOC is dated October 19, 2021, and that the EEOC's Right to Sue is dated June 9, 2021. Defendant denies the remaining factual allegations in this paragraph.

## FACTUAL BACKGROUND

23. Defendant is without sufficient information to admit or deny what date Plaintiff gave birth. Defendant denies the remaining factual allegations in this paragraph.

24. Defendant is without sufficient information to admit or deny whether Plaintiff's doctor told her about any medical diagnosis or whether surgery was needed for any medical condition. Defendant admits that it had changes to its health insurance effective June 1, 2020 (after open enrollment was had in April 2020 before Plaintiff's leave). Defendant denies that Plaintiff ever requested any accommodation, and denies the remaining factual allegations in this paragraph.

25. Defendant is without sufficient information to admit or deny whether Plaintiff's doctor made any recommendations regarding surgery or other treatment or any condition. Defendant denies that Plaintiff's health insurance was cancelled without notice and that it retaliated against Plaintiff. Defendant admits that Plaintiff was due to return to work on August 24, 2020, and that after Plaintiff failed to return to work or communicate about her return to work, she was notified that she would be voluntarily separating from work by not returning or communicating about her return. Defendant denies the remaining factual allegations in this paragraph.

26. Defendant denies the factual allegations in this paragraph.

27. Defendant is without sufficient information to admit or deny whether Plaintiff was able to receive timely medical care for any medical condition. Defendant denies the remaining factual allegations in this paragraph.

28. Defendant denies the factual allegations in this paragraph.

29. Defendant denies that Plaintiff was offered a new position at any time during her employment. Defendant admits that Alexandra Cadena shared the accounting/receptionist position in 2018.

30. Defendant denies the factual allegations in this paragraph.

31. Defendant admits that it sometimes used CareerBuilder to screen resumes for new positions. Defendant admits to expressing interest in hiring a bilingual receptionist. Defendant denies the remaining factual allegations in this paragraph.

32. Defendant denies the factual allegations in this paragraph.

33. Defendant denies the factual allegations in this paragraph.

34. Defendant denies the factual allegations in this paragraph.

35. Defendant denies the factual allegation in this paragraph.

36. Defendant denies the factual allegations in this paragraph.

37. Defendant admits that Derek Forrest was hired for the Project Manager position and admits that sales positions require company benefits including cars, phones, and laptops. Defendant denies the remaining factual allegations in this paragraph.

38. Defendant denies the factual allegations in this paragraph.

39. Defendant denies the factual allegations in this paragraph.

40. Defendant admits that in mid-2019, Plaintiff began making mistakes and "miss[ing]" things in her work product. Defendant denies the remaining factual allegations in this paragraph.

41. Defendant lacks information sufficient to confirm or deny any conversations between Plaintiff and her spouse. Defendant admits that Plaintiff was notified that she was eligible for COBRA insurance coverage during her leave. Defendant denies that Plaintiff received negative treatment and comments from Teresa Severance as alleged, and denies that Jimmie Davis communicated to Plaintiff that he was cancelling her medical coverage. Defendant denies the remaining factual allegations in this paragraph.

42. Defendant admits that Plaintiff applied for short term disability in 2019. Defendant denies the remaining factual allegations in this paragraph.

43. Defendant admits that Jimmie Davis was made aware of Plaintiff's marital status during employment. Defendant denies the remaining factual allegations in this paragraph.

44. Defendant admits to the factual allegations in Paragraph No. 44.

45. Defendant is without sufficient information to admit or deny when Plaintiff's doctor appointments occurred and when she found out she was pregnant. Defendant denies the remaining factual allegations in this paragraph.

46. Defendant is without sufficient information to admit or deny when Plaintiff learned she was pregnant, when her doctor confirmed same, or the content of any communications between Plaintiff and her spouse. Defendant denies the remaining factual allegations in this paragraph.

47. Defendant admits that Plaintiff emailed Teresa Severance to ask for time off on December 2, 2019, and that another employee had been previously approved for a week of PTO during December. Defendant admits that Plaintiff's request for time off on December 2nd was denied due to the request occurring at a particularly busy time and while another employee was already going to be absent. Defendant is without sufficient information to admit or deny Plaintiff's comfort level in disclosing her pregnancy or any medical condition to it, or any information specific to her scheduling doctor's visits. Defendant denies the remaining factual allegations in this paragraph.

48. Defendant denies the factual allegations in this paragraph.

49. Defendant denies the factual allegations in this paragraph.

50. Defendant denies the factual allegations in this paragraph.

51. Defendant denies the factual allegations in this paragraph. [1]

51.[sic] Defendant admits that employees were often reminded to "create productivity" by logging their billing into the Hytorc system. Defendant denies that Teresa Severance ever compared her billing numbers to Plaintiff or any other employee or that a culture of pitting managers against employees was ever present. Defendant admits that Ms. Severance's billing numbers are higher than other employees since Ms. Severance handles the billing for the entire company. Defendant denies any remaining factual allegations in this paragraph.

---

[1] Plaintiff repeated allegation number 51 twice in Plaintiff's First Amended Complaint. Defendant's First Amended Answer is numbered to match Plaintiff's First Amended Complaint.

52. Defendant admits that an email was sent to employees about revising workplace policies in light of Covid-19, making employees responsible for their own filing. Defendant denies the remaining factual allegations in this paragraph.

53. Defendant is without sufficient information to admit or deny the factual allegations in this paragraph about Plaintiff being "visibly pregnant" in March 2020, the state of Plaintiff's desk, or the amount of paperwork she had. Defendant denies that Teresa Severance wanted to harm Plaintiff or Plaintiff's unborn child, and denies the remaining factual allegations in this paragraph.[2]

53.[sic] Defendant is without information sufficient to admit or deny Plaintiff's family plans. Defendant admits that Plaintiff was able to elect healthcare coverage in April 2020 during open enrollment and admits that the health insurance elected changes in June 2020 as she was notified. Defendant denies the remaining factual allegations in this paragraph.

54. Defendant admits that Plaintiff was given a spreadsheet to work on as part of her usual job duties. Defendant denies that Plaintiff was following protocol in completing the spreadsheet or that Plaintiff was not at fault for missing paperwork. Defendant denies that the spreadsheet was given to Plaintiff after disclosing her pregnancy. Defendant denies the remaining factual allegations in this paragraph.

55. Defendant admits that management asked Plaintiff if and when she planned on returning to work following her leave. Defendant also admits that Teresa Severance informed Plaintiff of Plaintiff's potential ability to seek short term disability leave. Defendant is without sufficient information to admit or deny whether Plaintiff's scheduled C-section occurred on May 22, 2020. Defendant denies the remaining factual allegations in this paragraph.

---

[2] Plaintiff also repeated allegation number 53 twice in Plaintiff's First Amended Complaint. Defendant's First Amended Answer repeats number 53 twice to reflect this mistake.

56. Defendant is without sufficient information to admit or deny the factual allegations in this paragraph.

57. Defendant admits that Teresa Severance spoke with Guardian, the short-term disability provider, in response to basic questions of the activities Plaintiff's job required, and that Ms. Severance informed Plaintiff that she had done so. Defendant also admits that Plaintiff texted Teresa Severance asking about short-term disability. Defendant is without sufficient information to admit or deny whether Plaintiff remained optimistic about the possibility of obtaining short term disability. Defendant denies the remaining factual allegations in this paragraph.

58. Defendant is without sufficient information to admit or deny when Plaintiff had recovered from her C-section or and whether she was able to get surgery for any medical condition. Defendant denies the remaining factual allegations in this paragraph.

## CAUSES OF ACTION

### COUNT 1 – TITLE VII AND PREGNANCY CLAIMS

59. Defendant lacks information sufficient to confirm or deny the insurance carrier's determination on Plaintiff's short term disability application. Defendant denies the remaining factual allegations in this paragraph.

### COUNT 2 – ADA DISABILITY DISCRIMINATION AND FAILURE TO ACCOMMODATE

60. Defendant is without sufficient information to admit or deny whether Plaintiff suffered from any medical condition. Defendant also denies that Plaintiff ever requested any accommodation for any alleged disability. Defendant denies that it violated Title VII or the ADA, and denies the remaining factual allegations in this paragraph.

61. Defendant admits that it sent an email to Plaintiff after Plaintiff failed to show up for work on the day that she was to return, stating that if Plaintiff did not return or communicate

about her return, she was be voluntarily separating from employment. Defendant denies that it constructively terminated Plaintiff's employment at any time. Defendant denies that its conduct violated the ADA and denies the remaining factual assertions in this paragraph.

## CONCLUSION

62. Defendant denies that Plaintiff is entitled to any relief for which she prays in this lawsuit.

## **AFFIRMATIVE DEFENSES**

Defendant asserts the following defenses and affirmative defenses to some or all of Plaintiff's claims and/or damage requests. Each is asserted in the alternative and to the extent necessary and applicable.

1. Plaintiff's Complaint fails, in whole or in part, to state a legally and/or factually cognizable claim upon which relief may be granted.

2. Defendant was Plaintiff's employer at all times relevant to her claims.

3. Plaintiff was an at-will employee whose employment could be terminated at any time, with or without notice, and with or without cause.

4. Defendant is not a subsidiary of Hytorc, Inc., nor is there any common ownership between it and Hytorc, Inc.

5. Defendant did not intentionally, willfully, or recklessly commit any alleged violation of law.

6. All decisions regarding Plaintiff's employment were based upon legitimate, non-discriminatory, and non-retaliatory reasons. Pleading in the alternative, to the extent Plaintiff establishes that her sex, her pregnancy, her disability, her request for any accommodation, or any other protected characteristic was a motivating factor in any tangible employment action, the same

actions and decisions would have occurred even if the protected characteristic or conduct had been absent.

7. Defendant acted in good faith and did not violate any rights owed to Plaintiff under Title VII, the ADA, the Pregnancy Discrimination Act ("PDA"), or any other federal, state, or local laws, rules, regulations, or guidelines.

8. Defendant asserts that Plaintiff's claims may be barred in whole or in part by the applicable statutes of limitations.

9. To the extent Plaintiff claims discrimination or retaliation occurred more than 300 days before she filed her charge of discrimination with the EEOC, such claims are time-barred.

10. Plaintiff's claims may be barred in whole or in part by a failure to exhaust mandatory administrative or statutory remedies. Additionally, to the extent Plaintiff's claims are beyond the scope of any administrative charge filed, her claims are barred for failure to exhaust mandatory administrative remedies.

11. Plaintiff's claims may be barred and/or liability is limited by the doctrine of after-acquired evidence.

12. Defendant has made good faith efforts to prevent discrimination. Harassment, and retaliation in the workplace and to comply with the law, and all acts and/or omissions by Defendant affecting Plaintiff were in good faith with reasonable grounds for believing that Defendant was in compliance with the law.

13. Defendants did not discriminate against Plaintiff because of her disability within the meaning of 42 U.S.C. § 1211.

14. Plaintiff never requested or sought any accommodation for any medical condition.

15. To the extent that Plaintiff was entitled to and sought reasonable accommodation, Defendant had no obligation to provide Plaintiff with the particular accommodation sought.

16. To the extent Plaintiff sought an accommodation, she failed to engage in the interactive process with Defendant about the reasonableness of any accommodation.

17. Alternatively, Defendant made good faith efforts to accommodate Plaintiff.

18. To the extent Defendant denied Plaintiff's request for accommodation, such accommodation would have imposed an undue hardship on Defendant's operations or was otherwise prohibited by another Federal law or regulation.

19. To the extent Plaintiff sought accommodations beyond those offered to her by Defendant, such accommodations were unreasonable and would have imposed an undue hardship on Defendant.

20. In the unlikely event it is concluded that any protected activity motivated any act on the part of Defendant, the same act would have been undertaken even absent said alleged improper or discriminatory motive, and Plaintiff is not entitled to relief.

21. Plaintiff has failed to satisfy all conditions precedent to her claims.

22. Defendant affirmatively pleads it took prompt remedial action in response to all complaints made by Plaintiff.

23. Plaintiff's claims are barred because there is no causal connection between the alleged acts of retaliation and any statutorily protected activity.

24. To the extent applicable, Defendant asserts that the relief sought by Plaintiff is barred, in whole or in part, by the doctrines of waiver, estoppel, unclean hands, or was caused by the Plaintiff's own negligence, conduct, acts, or omissions.

25. To the extent any of Defendant's employees took actions in violation of any law, which Defendant denies, Defendant did not direct, authorize, or ratify any actions, and such actions were outside the course and scope of their employment with Defendant.

26. Any and all actions taken by Defendant affecting Plaintiff were taken for reasons other than Plaintiff's sex, pregnancy, or disability.

27. Plaintiff's claims may be barred, in whole or in part, by her failure to mitigate damages, to the extent that she has failed to exercise due diligence in finding comparable employment or otherwise mitigating her damages, if any.

28. Plaintiff's claims are subject to offset by interim earnings and benefits from alternative employment and payments from collateral sources, including, without limitation, employment that Plaintiff reasonably could or should have obtained.

29. Plaintiff's claims may be barred, in whole or in part, by the doctrines of set-off or recoupment.

30. Some or all of Plaintiff's claims may be barred by the exclusive remedies provided by the Texas Workers' Compensation Act.

31. Any and all damages claimed by Plaintiff are subject to all statutory exclusions and limitations.

32. To the extent allowed by law, Defendant seeks recovery of its reasonable and necessary attorneys' fees.

33. Plaintiff must make an election of remedies.

34. The conduct about which Plaintiff complains was not motivated by malice nor was it the result of reckless indifference to any protected or civil rights of Plaintiff; employment actions

affecting Plaintiff were based upon legitimate, non-retaliatory, non-discriminatory business considerations, and were in good faith.

35. Any award of punitive or liquidated damages would violate the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution, as well as rights guaranteed in the Sixth and Eighth Amendments thereto.

36. Defendant reserves the right to amend or add additional affirmative defenses or counterclaims, which may become known during the course of discovery.

## PRAYER

Defendant prays that Plaintiff take nothing by her claims, her claims be dismissed with prejudice, judgment be entered in Defendant's favor, and Defendant be awarded its costs, attorneys' fees, and all other relief to which it may show itself to be justly entitled.

Dated: November 15, 2021

Respectfully submitted,

**JACKSON LEWIS P.C**

 /s/ Pamela B. Linberg
Pamela B. Linberg
Texas Bar No. 00793299
S.D. Texas No. 23981
717 Texas Avenue, Suite 1700
Houston, Texas 77002
Telephone: (713) 651-0404
Facsimile: (713) 651-0405
Email: Pamela.Linberg@JacksonLewis.com

**ATTORNEY-IN-CHARGE FOR DEFENDANT HYTORC OF TEXAS, INC.**

## CERTIFICATE OF SERVICE

      I certify that I filed the foregoing document in accordance with the protocols for e-filing through the CM/ECF system in the United States District Court for the Southern District of Texas, Houston Division, on November 15, 2021, and therefore has been served upon all counsel of record in accordance with such e-filing protocols as follows:

| | |
|---|---|
| Mr. Dean J. Schaner | Ms. Laura Balhoff Englert |
| SCHANER LAW FIRM P.L.L.C. | LAW OFFICES OF KIMBERLY R. SNAGG |
| 5313 Pocahontas Street | 10375 Richmond Avenue, Suite 1050A |
| Bellaire, Texas 77402 | Houston, Texas 77042 |
| Email: deanschaner@schanerlawfirm.com | Email: lenglert@hanover.com |
| *Attorney for Plaintiff* | *Attorney for Defendant Hytorc, Inc.* |

                                              */s/ Pamela B. Linberg*
                                              Pamela B. Linberg